**Electronically Filed
Intermediate Court of Appeals
30203
29-OCT-2013
10:32 AM**

NO. 30203

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I,
Defendant-Appellant,
vs.
KILAUEA IRRIGATION COMPANY, INC.,
Defendant-Appellee,

and

C. BREWER AND COMPANY, LTD., Plaintiff,
vs.
INDUSTRIAL INDEMNITY COMPANY; INDUSTRIAL INSURANCE
COMPANY OF HAWAII, LTD.; UNITED NATIONAL INSURANCE CO., LTD.;
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH;
UNITED STATES FIRE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE
COMPANY; TIG INSURANCE COMPANY; COLUMBIA CASUALTY INSURANCE
COMPANY; JAMES RIVER INSURANCE COMPANY; THE HOME INSURANCE
COMPANY; MARINE INDEMNITY INSURANCE COMPANY OF AMERICA;
RELIANCE INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY;
CIGNA PROPERTY AND CASUALTY INSURANCE CO.; PACIFIC EMPLOYERS
INSURANCE CO., INC.; SCOTTSDALE INSURANCE COMPANY;
FIREMAN'S FUND INSURANCE COMPANY OF HAWAII; FIRST STATE
INSURANCE COMPANY; KILAUEA IRRIGATION COMPANY, INC.;
KEHALANI HOLDINGS COMPANY, INC.; STATE OF HAWAI'I;
HAWAII INSURANCE GUARANTY ASSOCIATION; and
DOE DEFENDANTS 3-30, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CV. NO. 06-1-0140)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)

Defendant-Appellant State of Hawai'i (State) appeals
from the First Amended Final Judgment (First Amended Judgment)
filed on November 12, 2009, in the Circuit Court of the Fifth

Circuit (Circuit Court),[1] pursuant to Hawai'i Rules of Civil Procedure Rule 54(b) (2000). The First Amended Judgment was based on the Circuit Court's "Order Granting in Part and Denying in Part Defendant State of Hawaii's Motion for Partial Summary Judgment Against Defendant Kilauea Irrigation Company, Inc. (Duty to Defend)" (Partial Summary Judgment Order). As explained below, we vacate the First Amended Judgment to the extent that it entered judgment in favor of Defendant-Appellee Kilauea Irrigation Company, Inc. (Kilauea Irrigation), and we remand for further proceedings.

I.

The State moved for partial summary judgment against Kilauea Irrigation, arguing that Kilauea Irrigation had a duty to defend the State against claims raised in lawsuits (Underlying Lawsuits) filed in the aftermath of the March 14, 2006, breach of the Kaloko Dam on Kaua'i. The State asserted that Kilauea Irrigation had a duty to defend the State in the Underlying Lawsuits based on a provision of a water permit (Revocable Permit No. RP-6240/S-6240) the State had issued to Kilauea Irrigation. The permit granted Kilauea Irrigation rights and privileges relating to the Kaloko Ditch, including the "[r]ight, privilege and authority to develop and utilize government waters from government land at Papaa within the Moloaa Forest Reserve, together with the right to construct, operate, repair and maintain a water transportation system within the [Kaloko] Ditch Right of Way and Puu Ka Ele Stream." The permit also provided that Kilauea Irrigation shall:

> [a]t all times with respect to the Premises use due care for public safety and agrees to defend, hold harmless and indemnify the State of Hawaii from and against all claims or demands for damage, including claims for property damage, personal injury or death, arising on or about the Premises, or by any fire or explosion thereon, or growing out of, or caused by any failure on the part of the Permittee to maintain the Premises in accordance with the terms and conditions of this Permit . . . .

[1] The Honorable Kathleen N.A. Watanabe presided.

2

In its Partial Summary Judgment Order, the Circuit Court granted the State's motion in part and denied it in part, and the Circuit Court subsequently entered the First Amended Judgment based on its rulings in the Partial Summary Judgement Order. The Circuit Court entered final judgment "in favor of the State and against Kilauea [Irrigation] as to the State's cross-claim for a declaration that Kilauea [Irrigation] is obligated to defend the State regarding allegations relating to the State's premises or property ownership in the [Underlying Lawsuits]." The Circuit Court also entered final judgment

> in favor of Kilauea [Irrigation] and against the State regarding the State's cross-claim for a declaration that Kilauea [Irrigation] is obligated to defend the State regarding allegations in the Underlying [Lawsuits] relating to the State's statutory obligations that: (1) the State of Hawaii knew since 1982 that [Kaloko] Dam was structurally questionable but never required C. Brewer Properties, Inc. to repair the Dam; (2) the State never informed the plaintiffs in the Underlying [Lawsuits] that the [Kaloko] Dam's structure was questionable; and (3) the State authorized an inexperienced and under capitalized public utility company to operate, inspect, maintain and repair the irrigation system and failed to oversee and failed to intervene when it became clear that the company was not meeting its obligations.

## II.

On appeal, the State challenges the Circuit Court's partial denial of the State's motion for partial summary judgment. Based on Pancakes of Hawaii, Inc. v. Pomare Properties Corp., 85 Haw. 286, 944 P.2d 83 (App. 1997), the State argues that "because the Circuit Court determined that [Kilauea Irrigation] is obligated to defend the State on one allegation (relating to the State's premises or property ownership), [Kilauea Irrigation] is obligated to defend the State against all allegations against the State in the Underlying [Lawsuits]."

Kilauea Irrigation did not file an answering brief and therefore does not present any challenge to the arguments raised by the State on appeal. Kilauea Irrigation also did not cross-appeal from the Circuit Court's entry of judgment in favor of the State on the State's claim that Kilauea Irrigation had a duty to

3

defend the State regarding allegations in the Underlying Lawsuits relating to the State's premises or property ownership. We therefore assume, for purposes of this appeal, that the Circuit Court was correct in determining that Kilauea Irrigation was obligated to defend the State regarding allegations in the Underlying Lawsuits relating to the State's premises or property ownership.

In Pancakes, Sofos Realty Corporation and Lee Carter (collectively, "Sofos") had an agreement with Pomare Properties Corporation (Pomare) that required Pomare to "indemnify, defend and hold [Sofos] harmless from and against" certain claims. Pancakes, 85 Hawai'i at 289 n.2, 292, 944 P.2d at 86 n.2, 89. Sofos was sued on claims that were covered and claims that were not covered under this agreement.[2] With respect to the duty to defend, the trial court granted summary judgment in favor of Sofos and ruled that Pomare had a duty to defend Sofos against all claims raised in the lawsuit. Id. at 289, 944 P.2d at 86. Pomare appealed.

On appeal, this court affirmed the trial court's grant of summary judgment with respect to Pomare's duty to defend. Id. at 288, 299-300, 944 P.2d at 85, 96-97. In discussing the duty to defend, this court stated that "[w]e can discern no logical reason why the duty to defend based on indemnity contracts should not follow the same philosophy used in the insurance context." Id. at 291-92, 944 P.2d at 88-89. Although the focus of our discussion was the complaint allegation rule, we also cited the insurance principles that: (1) "the duty to defend is much broader than the duty to pay claims"; and (2) "'where a suit raises a potential for indemnification liability of the insurer to the insured, the insurer has a duty to accept the defense of the entire suit even though other claims of the complaint fall

---

[2] This court's opinion in Pancakes makes clear that the claims against Sofos for fraudulent misrepresentations and fraudulent failure to disclose were claims that were not covered by the agreement between Pomare and Sofos. Pancakes, 85 Hawai'i at 297, 944 P.2d at 94.

4

outside the policy's coverage.'" Id. at 291, 944 P.2d 88 (block quote format and citations omitted).

Based on Pancakes, we conclude that the Circuit Court erred in ruling that Kilauea Irrigation had no duty to defend the State in the Underlying Lawsuits regarding the allegations that: "(1) the State of Hawaii knew since 1982 that [Kaloko] Dam was structurally questionable but never required C. Brewer Properties, Inc. to repair the Dam; (2) the State never informed the plaintiffs in the Underlying [Lawsuits] that the [Kaloko] Dam's structure was questionable; and (3) the State authorized an inexperienced and under capitalized public utility company to operate, inspect, maintain and repair the irrigation system and failed to oversee and failed to intervene when it became clear that the company was not meeting its obligations."

III.

We vacate the First Amended Judgment to the extent that it entered judgment in favor of Kilauea Irrigation, and we remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, October 29, 2013.

On the briefs:

Reese R. Nakamura
Michael S. Vincent
Deputy Attorneys General
State of Hawai'i
for Defendant-Appellant

Chief Judge

Associate Judge

Associate Judge